### IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| **JASON E. COOPER,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 19-CV-3267 |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

### OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on Petitioner Jason Cooper's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2255 (§ 2255 Petition) (d/e 1).

Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court must promptly examine the § 2255 Petition. If it appears from the § 2255 Petition and any attached exhibits that Petitioner is not entitled to relief, the Court must dismiss the § 2255 Petition and direct the Clerk to notify Petitioner. See Rule 4 of the Rules Governing Section 2255 Proceedings. A preliminary review of Petitioner's § 2255 Petition

shows that it must be dismissed because the § 2255 Petition is untimely and Petitioner is not entitled to relief.

## I. FACTS

In November 2013, the grand jury charged Petitioner by way of a Superseding Indictment with Enticement of a Minor (Count 1s), Interstate Communications Containing Threats (Count 2s), and Sexual Exploitation of a Child (Count 3s).  See Superseding Indictment, Case No. 13-CR-20027, d/e 16.  Count 1s of the Superseding Indictment specifically alleged that Petitioner did and attempted to use a facility and means of interstate commerce—the internet and a cellular telephone—to knowingly persuade, induce, and entice an individual whom he believed to be thirteen years old to engage in any sexual activity for which any person can be charged with a criminal offense.  Id. at 1.  Count 2s of the Superseding Indictment specifically alleged that Petitioner did knowingly transmit in interstate and foreign commerce, via the internet, a Facebook message to a minor female and the communication contained a threat to injure and kill the minor

female and her family.  Id. at 2.  Counts 1s and 2s were based on Petitioner's communications with Jane Doe 1.  Id. at 1-2.

In May of 2014, Petitioner entered a plea of guilty to all counts of the Superseding Indictment pursuant to a written Plea Agreement.  Plea Agreement, Case No. 13-CR-20027, d/e 21.  The Plea Agreement recited the elements of each charge, and as is relevant to Petitioner's § 2255 Petition, stated that in regard to Count 1s, the offense included the element that Petitioner used a facility or means of interstate commerce to knowingly persuade, induce, entice, or coerce a person to engage in sexual activity, and in regard to Count 2s that Petitioner caused a communication to be transmitted in interstate commerce.  Id. at 3.

The Plea Agreement also set forth the factual basis of each offense.  Specifically, as is relevant to the § 2255 Petition, the Plea Agreement stated that Petitioner used Facebook to make the communications at issue in Counts 1s and 2s and that Facebook's servers are located in California and therefore the communications were transmitted in interstate commerce via the internet.  Id. at 28.

The Court accepted the plea on May 29, 2014. See Case No. 13-CR-20027, Order Approving Magistrate Recommendation, d/e 26.

In the Plea Agreement, the Government agreed to certain sentencing guideline provisions and agreed to inform the Court of the nature, extent, and value of Petitioner's cooperation. In exchange, Petitioner waived his right to collaterally attack his conviction and sentence. Plea Agreement 29-30.

On December 18, 2014, the Court sentenced Petitioner to 240 months' imprisonment, consisting of 240 months' imprisonment on each of Counts 1s and 3s and 60 months' imprisonment on Count 2s, all to run concurrently with each other. Case No. 13-CR-20027, Minute Entry, Dec. 18, 2014. The Court also imposed a fifteen-year term of supervised release on each of Counts 1s and 3s and ten years as to Count 2s, all to run concurrently. Id. The Court later corrected its sentence to impose a three-year term of supervised release (the maximum allowable under the relevant statute) on Count 2s. See Case No. 13-CR-20027, Text Order, Dec. 24, 2014; Judgment, d/e 39. Petitioner did not appeal.

In February 2017, Petitioner filed a Motion to Dismiss Counts I and II in the Indictment for Lack of Subject-Matter Jurisdiction. Case No. 13-CR-20027, d/e 46.  A Motion to Withdraw the Motion to Dismiss was subsequently filed and the Court granted the Motion to Withdraw.  Case No. 13-CR-20027, Text Order, June 28, 2017. Petitioner later asked the Court to vacate the June 28, 2017 text order, which granted the Motion to Withdraw, alleging that an individual other than Petitioner or someone acting on his behalf filed the Motion to Withdraw.  See Case No. 13-CR-20027, Petition to Recall Order, d/e 49.  The Court then granted the Petition to Recall Order, vacated the June 28, 2017 order, and revived Petitioner's Motion to Dismiss.

In March 2019, the Court gave notice to Petitioner, pursuant to Castro v. United States, 540 U.S. 375 (2003), that the Court intended to convert Petitioner's Motion to Dismiss into a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 and warned Petitioner of the consequences of such recharacterization. Case No. 13-CR-20027, Text Order, Mar. 18, 2019.  Petitioner did not object to recharacterization or withdraw or amend the filing by the deadline set by the Court, so the Court directed the Clerk to file

the Motion to Dismiss in a new civil case as a § 2255 petition. Case No. 13-CR-20027, Text Order, Nov. 21, 2019.

## II.  ANALYSIS

Initially, the Court finds that Petitioner's § 2255 Petition is untimely under 28 U.S.C. § 2255(f). A one-year period of limitations applies to § 2255 petitions. 28 U.S.C. § 2255(f). The one-year period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Only subsection (1) applies in this case because Petitioner has not identified any impediment created by governmental action that prevented him from filing the § 2255 Petition, a right newly

recognized by the Supreme Court, or facts that support his claim that have only recently been discovered through the exercise of due diligence.  See 28 U.S.C. § 2255(f)(2), (f)(3), (f)(4).  Therefore, the Court will only discuss the one-year period of limitations under 28 U.S.C. § 2255(f)(1).

Under § 2255(f)(1), the one-year period begins to run on the date the judgment becomes final.  Petitioner's conviction became final on January 14, 2015, after the expiration of the fourteen-day period to file a direct appeal.  See Fed. R. App. P. 4(b)(1)(A).  Petitioner was required to file his § 2255 Petition within a year of January 14, 2015.  Petitioner did not file his Motion to Dismiss, which the Court subsequently recharacterized as a § 2255 Petition, until February 7, 2017.  Therefore, the § 2255 Petition is untimely under 28 U.S.C. § 2255(f)(1).

The Court notes that the one-year limitation period may be equitably tolled and may be disregarded when the petitioner is actually innocent.  See Weddington v. Zatecky, 721 F.3d 456, 464 (7th Cir. 2013) (holding that the limitation period under the Antiterrorism and Effective Death Penalty Act of 1996 is subject to equitable tolling); McQuiggin v. Perkins, 133 S. Ct. 1924, 1931-32

(2013) (holding that a court may disregard the one-year limitation period where the petitioner is actually innocent).  However, Petitioner has not made either claim.  Therefore, the § 2255 Petition is untimely.

In addition, the Court finds that summary dismissal is warranted on the merits.  In his § 2255 Petition, Petitioner challenges the basis of his convictions in Counts 1s and 2s.  Petitioner argues that his conviction was flawed because the Court was "without subject-matter jurisdiction to prosecute because all conduct [alleged in Counts 1s and 2s] occurred solely within the State of Illinois" as both Petitioner and "the underage female victim, as identified in counts 1[s] & 2[s]" resided in Illinois.  § 2255 Petition 2.

Petitioner's conviction on Count 1s was for a violation of 18 U.S.C. § 2422(b), which reads:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b). Petitioner's conviction on Count 2s was for a violation of 18 U.S.C. § 875(c), which reads: "Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C. § 875(c). Petitioner's contention, then, is that because both he and the victim lived in the same state, the communications that formed the bases of the offenses were not "sent or received in interstate commerce." § 2255 Petition 2.

Petitioner's argument is belied by the contents of the Plea Agreement he entered into. The Stipulation of Facts in the Plea Agreement states that Defendant used Facebook to communicate with Jane Doe 1—the victim in Counts 1s and 2s. Plea Agreement 13-21. The Stipulation of Facts further states that "Facebook's servers are located in Menlo Park, California, therefore the communications between Cooper and Jane Doe #1 were transmitted in interstate commerce via the internet." Id. at 28. Immediately

before the place in the Plea Agreement where Defendant signed his name, the Plea Agreement states, "I have read this entire Plea Agreement carefully and have discussed it fully with my attorney . . . ." Id. at 33. The Plea Agreement then continues on to say that Petitioner "agree[s] that the facts stated in this agreement about [his] criminal conduct are true" and that "by signing below [Petitioner] [is] stating [Petitioner] agree[s] with everything stated in this section of the Plea Agreement." Id. at 34.

In the Plea Agreement then, Defendant admitted that he used a facility of interstate commerce to transmit the offending communications—namely the internet, or more specifically, Facebook. "The Internet is a facility of interstate commerce." United States v. Chaparro, 956 F.3d 462, 470 (7th Cir. 2020) (citing United States v. Horne, 474 F.3d 1004, 1006 (7th Cir. 2007)). "[C]ourts have consistently found that use of the Internet 'necessarily involves interstate communications and therefore constitutes the use of a facility of interstate commerce.'" Adams v. United States, No. CIV. 06-CV-833-JPG, 2009 WL 2060089, at *6 (S.D. Ill. July 14, 2009) (quoting United States v. Hornaday, 392

F.3d 1306, 1311 (11th Cir. 2006)) (other citations omitted). Petitioner's claim is without merit.

As mentioned previously, Petitioner's Plea Agreement also contains a waiver of the right to collaterally attack Petitioner's sentence by filing a petition under 28 U.S.C. § 2255.  Plea Agreement ¶¶ 31-32.  "[I]n exchange for the concessions made by the United States in [the] Plea Agreement," Petitioner "waive[d] his right to challenge any and all issues related to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255." Id. at ¶ 32. Because the Court finds that Petitioner's § 2255 Petition is both untimely and plainly without merit, the Court does not reach the question of whether the § 2255 Petition is barred by the collateral attack waiver provision contained in Petitioner's Plea Agreement.

### III. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Cases requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner.  To obtain a certificate of appealability, Petitioner must make a "substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c). For such a showing to exist, reasonable jurists must be able to "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Petitioner has not made a substantial showing of the denial of a constitutional right, and the Court declines to issue Petitioner a certificate of appealability.

## IV. CONCLUSION

Because it plainly appears from the § 2255 Petition that the § 2255 Petition is untimely, and that Petitioner is not entitled to relief, the Court SUMMARILY DISMISSES Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2255 (d/e 1). The Clerk is DIRECTED to notify Petitioner of the dismissal. CASE CLOSED.

ENTER: December 15, 2020

FOR THE COURT:

<u>/s/Sue E. Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
